**NORDSTROM et al. v. ALASKA SOUTHERN AIRWAYS, Inc.**

No. 3494–A.

First Division. Juneau.

Dec. 11, 1933.

W. L. Paul, of Juneau, for plaintiff.

H. L. Faulkner, of Juneau, for defendant.

ALEXANDER, District Judge.

This matter is before the court on defendant's demurrer to plaintiffs' complaint on the ground that the same does not state facts sufficient to constitute a cause of action against the defendant.

■■ The court is in doubt as to the remedy sought by plaintiffs in their complaint. At the argument, plaintiffs' counsel contended that plaintiffs had a special property in the hangar mentioned in their complaint, by reason of certain work done thereon by plaintiffs which, it is contended, created a common-law lien on said hangar in favor of the plaintiffs, and that the plaintiffs sought by this action to recover the hangar in order to foreclose their supposed common-law lien, or, if the specific property could not be recovered, that they recover the value thereof.

A common-law lien is the right given by the common law to artisans on materials in their possession for labor bestowed on them. 18 R.C.L. 873. This lien ceased to exist, however, as soon as the artisan lost possession of the articles against which the lien was claimed, and it is immaterial how the possession was lost. Therefore, having lost possession of the hangar, plaintiffs also lost their lien and have no special property in the hangar upon which even an action for replevin can be based. Furthermore, the allegations of the complaint fall far short of the allegations necessary in a complaint for replevin as well as differing from replevin in other respects.

The court is therefore unable to see any theory upon which the complaint can be sustained; and the demurrer will therefore be sustained, and it is so ordered.